# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

## MEMO ENDORSED

May 21, 2026

**BY ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> The application for a temporary modification of bail conditions as requested below is granted.
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: 5/22/2026
> New York, New York

    **Re:** **United States v. Cheik Diaby**
             **26 Cr. 193 (ER)**

Dear Judge Ramos:

I write, as counsel to Cheik Diaby in the above-captioned matter, to respectfully request a temporary modification of Mr. Diaby's bail conditions to allow him to attend prayer services at the mosque in the Bronx with his family—including his mother and brother, who serve as his third-party custodians—beginning at 8:30 a.m. on May 27, 2026. Pretrial services objects to this request because Mr. Diaby is on home incarceration, which, unlike home detention, requires Court approval for permission to leave home for religious services. The government objects to this request.

On April 17, 2026, following a contested detention hearing, Magistrate Judge Parker ordered Mr. Diaby's release on conditions. ECF Nos. 5, 7. Days later, the government appealed the Court's ruling and Judge Berman, sitting in Part 1, granted the government's request for a stay of the release order pending appeal. ECF No. 8.

On April 28, 2026, Judge Berman held a bail hearing and determined, "[a]s Judge Parker concluded, bail is appropriate in this case" and "(substantively) affirmed" the release order. ECF No. 14. Lifting the stay, the Court noted that Mr. Diaby "appears to have strong family support, as demonstrated by the presence of his family members in court," and that he "has no criminal history." *Id.* He "has lived 'nearly his entire life' with his family in the Bronx and all of Mr. Diaby's closest ties are in New York." *Id.* (cleaned up). The Court also observed that "Pretrial Services conducted a home inspection and found his home suitable for home incarceration." *Id.* Notably, Mr. Diaby "has never missed a court date, and his mother and older brother have volunteered to act as third-party custodians to watch over [Mr. Diaby] and help ensure his appropriate and lawful compliance." *Id.*

Since Mr. Diaby's release three weeks ago, he has complied with the strict conditions of release, which include:

1. A $50,000 bond cosigned by two financially responsible persons;
2. Pretrial services supervision as directed;
3. Home incarceration enforced by GPS location monitoring;
4. Mother and brother to serve as third-party custodians "who agree[ ] to assume supervision and to report any violation of a release condition to the court," § 3142(c)(1)(B)(i);
5. Travel restricted to the Southern and Eastern Districts of New York;
6. Surrender all travel documents with a prohibition on new applications;
7. No contact with co-defendants or others who were in the car at the time of February arrest outside the presence of counsel;
8. Mental health evaluation and treatment as directed by pretrial services;
9. Refrain from possessing a firearm, destructive device, or other dangerous weapon; and
10. Continue or start an online education program.

As discussed in his opposition to the government's bail appeal, Mr. Diaby and his family are religious. They wake up at dawn every day to pray. Eid is a particularly important holiday for Mr. Diaby and his family, who are practicing religious Muslims.

Pretrial conditions of release must serve "compelling governmental interests." *United States v. Salerno*, 481 U.S. 739, 748 (1987). "Due process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). Given Mr. Diaby's ongoing compliance with the conditions of his pretrial release, refusing to allow Mr. Diaby to attend religious services with his family does not serve a compelling government interest. Rather, preventing Mr. Diaby from observing Eid after he has demonstrated that he is not a risk of flight nor a danger to the community merely punishes Mr. Diaby for being accused of a crime. That is not what the law allows.

Accordingly, Mr. Diaby respectfully requests a temporary bail modification to enable him to observe Eid with his family, including his third-party custodians, with whom he lives.

Thank you for your consideration of this request.

Respectfully submitted,

*/s/*

Marne L. Lenox, Esq.

*Counsel for Cheik Diaby*

cc:    Counsel of record